UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ARBURN RAINEY

      Plaintiff,                    Civil Action No. 14-14396
                                     Honorable Thomas L. Ludington
            v.                Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 13, 24]

      Plaintiff Arburn Rainey appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying his application

for disability insurance benefits ("DIB") under the Social Security Act (the

"Act"). Both parties have filed summary judgment motions, referred to this

Court for a Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1)(B). The Court finds that the decision by the administrative law

judge ("ALJ") is supported by substantial evidence, and thus

**RECOMMENDS** that:

- the Commissioner's motion **[R. 24]** be **GRANTED**;

- Rainey's motion **[R. 13]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I.   BACKGROUND

### a.  Procedural Background and Rainey's Claimed Disabilities

Rainey was born in September 6, 1972, making him thirty-nine when he submitted his application for disability benefits in January 2012. [R. 10-5, Tr. 151]. He alleged a disability onset date of March 10, 2006. [*Id.*]. Because he was previously denied benefits in a decision dated August 19, 2009, the ALJ only considered whether he was disabled beginning the next day. [R. 10-2, Tr. 16; R. 10-3, Tr. 77-91]. Further, Rainey's date last insured was September 30, 2009, so the ALJ did not consider whether he was disabled beyond that date. [R. 10-2, Tr. 12; R. 10-5, Tr. 156].

Rainey alleged that he was disabled from severe impairments of his back, including lumbar degenerative disc disease and sacroilitis, and mental impairments including depressive symptomatology. [R. 10-6, Tr. 190]. After an administrative hearing, the ALJ determined that Rainey was not disabled. [R. 10-2, Tr. 22]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.,* Tr. 1-3]. Rainey timely filed for judicial review. [R. 1].

### b. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c).

3

could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

The August 2009 ALJ ruling found Rainey capable of performing light work with an option to either sit or stand, so that he may "change positions at will." [R. 10-3, Tr. 83]. Applying Acquiescence Ruling 98–4(6),[2] the present ALJ concluded there was new and material evidence in the record for him to consider, [R. 10-2, Tr. 16], so he proceeded to the five-step sequence to analyze Rainey's claim.

At step one, the ALJ determined that Rainey had not engaged in substantial gainful activity since March 10, 2006. [R. 10-2, Tr. 14]. At step two, the ALJ identified the severe impairment of "degenerative disc disease." [*Id.*]. At step three, the ALJ determined that Rainey's impairment did not meet or medically equal a listed impairment. [*Id.*, Tr. 14-15]. In making this determination, the ALJ found that Rainey had mild limitations in activities of daily living, a mild limitation in social functioning, and a mild limitation in maintaining concentration, persistence and pace, with no

---

[2] This ruling is described below.

4

erisodes of decompensation that have been of extended duration. [*Id.*, Tr. 15].

Next, the ALJ assessed Rainey's RFC, finding him capable of performing light work with an option to either sit or stand, alternatively, "provided he is not off task more than 10% of the work period." [*Id.*, Tr. 16]. At the fourth step, the ALJ determined that Rainey did not have the RFC to perform past relevant work. [*Id.*, Tr. 20]. At step five, with the assistance of VE testimony, the ALJ determined that a hypothetical claimant matching Rainey's profile could perform a substantial number of jobs in the national economy, including machine operator (70,000 jobs nationally), office clerk (190,000 jobs) and cashier (8,500 jobs), and was thus not disabled. [*Id.*, Tr. 21].

## II.  ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

(6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

## A.

Rainey's prior attorney of record filed a motion for summary judgment, but that attorney and his firm's representation of Rainey was terminated from this and other Social Security cases due to malfeasance. [*See* R. 15; 13-cv-14544, R. 16-4].  The malfeasance came to light after the attorney was "repeatedly criticized by judicial officers in this district, and the relief requested therein routinely denied, due to their 'conclusory assertions' and lack of any developed argument." [14-cv-10251, R. 13, PgID 574]. After his attorney's termination from this case, Rainey was given an opportunity to file another motion for summary judgment, [R. 21], but he did not do so. The Court has therefore considered the arguments in the motion filed by Rainey's prior attorney, but it suffered from the same deficiencies previously described. Therefore, in the interest of justice, the Court has also independently considered the evidence in the record.

The motion filed on behalf of Hayes argues that the ALJ erred in assessing Rainey's credibility and finding him less than credible. However,

6

because there is insufficient evidence of changed circumstances during the short window of Rainey's remaining eligibility, his credibility argument is rendered moot and the ALJ's decision should be affirmed.

**B.**

If a final decision of the Commissioner "on a prior disability claim contains a finding of a claimant's residual functional capacity, [the Commissioner] may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period … unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity."  Acquiescence Ruling 98-4(6), 1998 WL 283902, at *3 (June 1, 1998); *see also Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842-43 (6th Cir. 1997) ("When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances.").  Rainey has the burden of establishing that changed circumstance warrants a different finding than the prior decision. *See Drummond*, 126 F.3d at 843.

The Commissioner correctly notes that the ALJ is limited to considering the 42-day period from August 20, 2009 (the day after the previous ALJ's decision) to September 30, 2009 (the date last insured), within which Rainey

7

may be found disabled. [R. 24, PgID 563]. The ALJ noted, "[T]here does not appear to be any medical treatment from August to September 2009 that showed a change in circumstances that provide a basis for a different finding." [R. 10-2, Tr. 17]. It is true that "[m]edical evidence of a subsequent condition of health, reasonably proximate to a preceding time, may be used to establish the existence of the same condition at the preceding time." *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976). However, "[e]vidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.*, 88 Fed. Appx. 841, 845 (6th Cir. 2004).

Here, there is no new evidence that could be considered material until almost one year after the date last insured. [R. 10-7, Tr. 240-42]. Rainey visited Rama D. Rao, M.D., five times in 2010 for back pain, beginning in September. [*Id.*, Tr. 231-33, 239-42]. Subsequently, Rainey did not seek additional treatment until May 2011, when he saw Dr. Rao twice that month and once in June for back pain. [*Id.*, 228-30, 237-38]. After that, he did not seek treatment again until January 2012. [*Id.*, 251-52]. As to his alleged mental impairments, there is no medical evidence pertaining to any such impairment until February 2012. [*Id.*, Tr. 282-85]. This evidence

is too remote to be considered probative of Rainey's condition between August and September 2009.

For these reasons, Rainey has not sustained his burden of demonstrating changed circumstances, and the ALJ was bound by the prior finding. This finding renders Rainey's credibility argument moot. *Kopacsi v. Comm'r of Soc. Sec.*, No. 12-14160, 2013 WL 5450133, at *5 (E.D. Mich. Sept. 30, 2013) (rejecting claimant's credibility argument because the Acquiescence Ruling applied).

## III.   CONCLUSION

The Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment **[R. 24]** be **GRANTED**, Rainey's Motion for Summary Judgment **[R. 13]** be **DENIED**, and the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 15, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2016.

s/Marlena Williams____
MARLENA WILLIAMS
Case Manager
